## STATE v BURTON

Ohio Appeals, 2nd Dist, Clarke Co

No. 400.   Decided April 11, 1939

H. W. Snodgrass, Asst. City Solicitor, Springfield, for plaintiff-appellee.

Robert Morean, Springfield for defendant-appellant.

## OPINION

By HORNBECK, PJ.

Defendant was tried and convicted before judge and jury in the Municipal Court of Springfield, Ohio, of the offense of promoting a scheme of chance under §13064, GC. After the verdict of the jury, defendant moved for new trial which was overruled. The motion consisted of seven grounds which are set forth as assignments of error in this court. On the same day that the motion for new trial was overruled the court sustained a motion of defendant for "arrest of judgment and stay of execution", conditioned upon defendant giving $500.00 bond pending appeal.

The appeal to this court purports to be on questions of law. Plaintiff moved to dismiss "the attempt to appeal * * * on the ground that the appellant's brief was not filed within a statutory period required under §13459 GC." Upon presentation of the cause in this court, plaintiff withdrew this motion.

Before giving any consideration to the errors assigned it will be necessary to direct attention to two matters of substance determinative of the appeal. The first is that the transcript from the Municipal Court fails to carry any sentence of the defendant by the trial judge upon the verdict of "guilty" of the jury. The sentence of the court in a criminal case is the judgment from which the right to appeal arises. Without a judgment no such right attends.

The sentence is representative of the legal consequence of the verdict of the jury that the defendant is guilty of the offense with which he was charged. Freeman of Judgments, 5th Edition 173. When an accused is properly convicted, it is the duty of the trial judge to pronounce judgment by sentence. Dillon v State, 38 Oh St 586. §13451-4, GC. Without this judgment we are without any authority or jurisdiction to review the case because there is nothing before us for review. Suspension of execution of sentence as provided by §13453-1, GC., does not contemplate suspension of pronouncement of sentence.

An arrest of judgment when available as provided by §13450-2, GC., may be asserted upon two grounds only, (1) that the court is without jurisdiction. (2) that the indictment or information does not state an offense. It may be that sentence has been pronounced in this case. If so, there should be an addition to the transcript.

Second, there is no notice of appeal with the Municipal Court, as required by §13459-3, GC., nor do the files in the case indicate that there was any copy of the notice of appeal filed in the Appellate Court. Leave to file the appeal was granted by this court on March 1, 1939, upon the representation that the notice of appeal had properly been filed. It may be that counsel was of opinion that the notice of appeal served upon the City Solicitor was sufficient under the Statute. The filing of this notice is jurisdictional and is a requisite that we cannot waive.

Upon both of the foregoing grounds this appeal must fail, and it is upon these grounds that we must predicate an order of dismissal.

Counsel for both parties have argued the assignments of error and apparently are desirous that we determine the questions therein raised. We will discuss them. It will, however, be understood that in so doing we are not making an adjudication of them because without power to do so. We consider

them briefly and merely express our opinions for the benefit of counsel.

The first and second assignments are those of particular interest to the parties and their counsel. First—Error in the refusal of the court to charge the jury on any point of law, even reasonable doubt. Second—The same as the first except that it relates to the purported statement of the trial judge in the presence of the jury that no charge would be given, thus precluding the presentation of any special charges.

Counsel for defendant to properly save his questions should have requested the trial judge, first, to charge the jury generally, and secondly, should have presented such special charges as he desired the court to give and noted his objection in each instance to the failure of the court to comply with the request. The record is silent as to any observation of the trial judge respecting his purpose to give no charge or to refuse to give any special charges which might be tendered by defendant. However, the record does disclose that the trial judge gave no charge of any kind at any time to the jury and it is sought to urge this refusal as constituting prejudicial error. We have examined the sections of the code which set up the organization of the Municipal Court of the City of Springfield, and which provide for jurisdiction, conduct and procedure therein. The sections are found in 1579-709 to 1579-760 inclusive.

The first section of the act 1579-709, establishing the Municipal Court of Springfield, Ohio, designates it as a court of record and upon this designation it is urged by the defendant that it should, in matters of trial procedure, be controlled by that portion of the code which relates to trial in Common Pleas Court, a court of record. Sec. 1579-716 confers jurisdiction upon the municipal court in misdemeanors and violation of city ordinances of which police courts, mayors in municipalities or justices of the peace now have or may hereafter be given jurisdiction. It further provides:

"In felonies the municipal court shall have the powers and jurisdiction which police courts, mayors in municipalities or justices of the peace now have or may hereafter be given."

In §1579-729 it is provided:

"In all criminal and quasi-criminal proceedings, the practice and procedure and the mode of bringing and conducting prosecution for offenses and the powers of the court in relation thereto, shall be the same as those which are now, or may hereafter be, possessed by police courts, mayors, and justices of the peace, except as otherwise provided herein."

This last section defining trial procedure is specific in terminology and controls. There is no conflict between it and §1579-709. No reason appears why the legislature could not set forth different procedure in different courts of record, if desired. The Municipal Court is a creature of statute. It follows that its jurisdiction, powers and procedure can be fixed by statute.

An examination of the trial procedure as related to police courts, mayors and justices of the peace fails to disclose that there is any statutory requirement that any of them be required to charge a jury in the trial of a criminal case. It follows that a municipal judge would not be required to so charge. §13442-8 GC., relates to the order of procedure in Common Pleas Court only, and refers to issues upon indictment or information.

It should be understood that the only objection which is sought to be raised to the failure of the court to charge is directed to an interpretation of the statutes and does not extend to any constitutional objection.

If the matter is entirely within the cognizance of the legislature there is much to be said for the claim that some simple charge to the jury be required in the trial of criminal causes. It would be most helpful and almost essential that the jury be instructed, as provided by §§13442-3 and 13442-9, GC., and as to the rules of evidence, the essential elements of the crime, the pre-

sumption of innocence which attends the accused, the obligation of the state to establish proof of the offense alleged beyond a reasonable doubt.

The general criminal jurisdiction of the justice of the peace is defined by §13422-2 GC. The section under which the justice of the peace and the municipal court takes jurisdiction in the instant case is 13424-1, GC. The conditions for granting a new trial incident to this section are found in §13424 GC., which provides that it may be granted for like reasons and subject to like conditions as in criminal cases in the court of common pleas.

It is common practice in motions for new trial in criminal cases in common pleas court to assign as a ground therefor error of the court in giving or refusing to give pertinent and correct charges to the jury. An examination of the section setting forth the causes for new trial, 13449-1 GC, discloses no specific provision directed to the charge of the court, although, it may be contemplated in paragraph No. 1, irregularity in the proceedings of the court * * * by which the defendant was prevented from having a fair trial. The practical effect of vesting a municipal judge with the power to grant a new trial upon any ground which would be proper in common pleas court is somewhat inconsistent with the failure to enjoin upon the judge of the municipal court the obligation to charge the jury in a criminal cause. However, this inconsistency is not insuperable. Fair construction can be given to all the germane sections and in so doing we find no provision of the ▮▮▮▮▮▮▮▮ code which makes it mandatory upon the municipal judge to give general or special charges to the jury in the trial of a criminal case.

The third assigned error is directed to the refusal of the court to permit the prosecuting witness to answer certain questions, the reply to which, it is insisted, would have shown an interest of the witness in the outcome of the case based upon the fact that police officers would share in the police pension fund which would, in the event of conviction, be augmented by the money of defendant seized in this case. The record does not disclose that any such question was propounded to any witness.

The fourth assignment of error relates to the refusal of the court to permit a witness, out of the hearing of the jury, to indicate what his answer would be to a certain question. It does appear that the court refused such request but no objection was interposed to the action of the trial judge and therefore the question is not made. The only purpose of reading into the record what the witness would have said was to show its materiality. The rule which requires the reading of the proffered answer of the witness so that error may be predicated upon the refusal to receive it does not have application to cross-examination. An exclusion, if erroneous, will be deemed prejudicial without a statement of the expected testimony. Morgan v State, 48 Oh St 371. The question put to the witness on cross-examination was as follows: "In the event he the defendant) is convicted of this charge, is it your custom to return this money to him?" Objection was interposed to the question and sustained. There was no error in the action of the trial ▮▮▮▮▮▮ ▮ judge. It was not material to any question before the jury what would be done with the money taken from the defendant in the event of his conviction, nor was the witness the proper officer to answer the question had it been admissible.

The fifth ground of error calls attention to certain alleged discrepancies in the testimony of witnesses for the prosecution. We find no such discrepancies as are set out, and if they were found they are inconsequential and without any substantial effect on any material issue in the case.

The sixth ground of error relates to the weight of the evidence and is not well made.

If we were authorized to pass on the assignments of error we would find no one of them sustained.

GEIGER & BARNES, JJ., concur.